10-1368-ag
Jiang v. Holder

BIA
Van Wyke, IJ
A098 278 920

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of July, two thousand eleven.

PRESENT:
>        JON O. NEWMAN,
>        RICHARD C. WESLEY,
>        PETER W. HALL,
>            *Circuit Judges.*

_____

XIAN MING JIANG,
>        *Petitioner,*

>        v.                                     10-1368-ag
>                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Dehai Zhang, Flushing, New York.
FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Emily Anne Radford,
                       Assistant Director; Sarah L. Vuong,
                       Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Xian Ming Jiang, a native and citizen of the People's Republic of China, seeks review of a March 31, 2010, order of the BIA reversing the July 16, 2008, decision of Immigration Judge ("IJ") William Van Wyke, granting his application for asylum. *In re Xian Ming Jiang*, No. A098 278 920 (B.I.A. Mar. 31, 2010), *rev'g* No. A098 278 920 (Immig. Ct. N.Y.C. July 16, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed only the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, the BIA's application of *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007), and *Matter of J-S-*, 24 I.&.N. Dec. 520, 529 (Att'y Gen. 2008), did not violate Jiang's due process

2

rights. *See Shou Wei Jin v. Holder*, 572 F.3d 392, 397 (7th Cir. 2009); *Yu v. U.S. Att'y. Gen.*, 568 F.3d 1328, 1334 (11th Cir. 2009). Indeed, the BIA appropriately applied the law in effect at the time it entered its decision. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *see also NLRB v. Coca-Cola Bottling Co.*, 55 F.3d 74, 78 (2d Cir. 1995) ("Appellate courts ordinarily apply the law in effect at the time of the appellate decision"). Moreover, Jiang had the opportunity to present his claim anew after the issuance of *Shi Liang Lin*. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (finding that "to establish a violation of due process, an alien must show 'that she was denied a full and fair opportunity to present her claims'") (citation omitted)).

The BIA reasonably concluded that Jiang failed to demonstrate past persecution or a well-founded fear of future persecution. Although Jiang claimed that he suffered past persecution, he did not allege that he was physically harmed or mistreated by family planning officials. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir. 2006) (holding that to constitute persecution, the harm must be sufficiently severe, rising above "mere

harassment"). Furthermore, the BIA properly held that Jiang was not *per se* eligible for the relief he sought based on his wife's forced abortion. *See Shi Liang Lin*, 494 F.3d at 308; *see also Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir. 2007). Moreover, Jiang failed to present any evidence demonstrating that he suffered a substantial economic disadvantage based on the imposition of fines for his violation of the family planning policy. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 69-70 (2d Cir. 2002); *see also Matter of T-Z-*, 24 I. & N. Dec. 163, 171-175 (B.I.A. 2007).

Substantial evidence also supports the BIA's determination that Jiang failed to establish a well-founded fear of persecution because he had two children. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 158-68 (2d Cir. 2008); *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (holding that absent past persecution, an alien can demonstrate eligibility for asylum based on a well-founded fear of future persecution by demonstrating that he or she subjectively fears persecution and that this fear is objectively reasonable). In *Jian Hui Shao*, we reviewed the BIA's consideration of the same or similar evidence as that

4

submitted by Jiang, including official documents from Fujian Province relating to the family planning regulations, State Department reports, and newspaper articles, and we found no error in the BIA's conclusion that such evidence was insufficient to establish an objectively reasonable fear of persecution. 546 F.3d at 169-72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"). Moreover, the evidence Jiang submitted, including the translations of Chinese law and policies relating to family planning, did not establish that his claimed fear of forced sterilization was objectively reasonable because it merely referenced the family planning policy's mandatory sterilization requirement and did not indicate that sterilizations are performed by force. Additionally, as the BIA noted, the notice Jiang's wife received from the Birth Control Office did not state that either he or his wife would be forcibly sterilized. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to persecution, his fear was "speculative at best").

Lastly, the BIA properly conducted *de novo* review in answering the question of whether Jiang met his burden of proof in establishing that he had a reasonable fear of sterilization if he returned to China.  As the underlying facts in the record were not in dispute, the BIA had the authority to address "questions of law" regarding Jiang's eligibility for relief.  *See* 8 C.F.R. § 1003.1(d)(3)(i) and (ii)*, see also Jian Hui Shao*, 546 F.3d at 162 (concluding that the BIA did not erroneously conduct *de novo* review of the IJ's factual findings by making "a legal determination that, while [petitioner's] credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear"); *Kambolli v. Gonzales*, 449 F.3d 454, 457 (2d Cir. 2006) (evaluating *de novo* the agency's "legal conclusion" that a petitioner did not demonstrate a well-founded fear of persecution based on "facts established in the record").

Accordingly, because the BIA's determination that Jiang failed to show past persecution or a well-founded fear of future persecution is supported by substantial evidence, 8 U.S.C. § 1252(b)(4)(B); *see Corovic v. Mukasey*, 519 F.3d

90, 95 (2d Cir. 2008), the BIA did not err in denying his asylum application.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk